**CHUN MEI YING, Yi San Huang, Petitioners,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–3879–ag.

United States Court of Appeals, Second Circuit.

Aug. 21, 2007.

Vlad Kuzmin, New York, NY, for Petitioners.

Joseph S. Van Bokkelen, United States Attorney, Northern District of Indiana, Toi Denise Houston, Assistant United States Attorney, Hammond, IN, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioners Chun Mei Ying and Yi San Huang, natives and citizens of China, seek review of the July 20, 2006 order of the BIA affirming the February 9, 2005 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying petitioners' application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chun Mei Ying and Yi San Huang,* Nos. A95 460 193, A95 460 194 (B.I.A. July 20, 2006), *aff'g* Nos. A95 460 193, A95 460 194 (Immig. Ct. N.Y. City, Feb. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not adopt the decision of the IJ to any extent, we review only the decision of the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). Because the BIA assumed Ying's and Huang's credibility for purposes of its decision, we do the same. *Cf. Yan Chen,* 417 F.3d at 271–72.

■ Ying and Huang do not dispute that Ying was never forced to have an abortion and that neither of them have been sterilized. However, they argue that the BIA erred in failing to consider the cumulative effect of their past experiences in concluding that they did not suffer persecution on account of their resistance to China's planned birth policy. Based upon our review of the record, we agree.

Ying and Huang alleged three separate harms: (1) Huang was detained for 50 days, during which time he was 9 interrogated about how many children he had and was hit twice; (2) the government imposed a 25,000 RMB fine for their violation of China's planned birth policy; and (3) Ying was forced to have an intrauterine device ("IUD") inserted. When considering past persecution, the BIA parsed each of these events in isolation, concluding that individually they did not rise to the level of persecution. However, we have stated that the "cumulative effect of the applicant's experience must be taken into account." *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 290 (2d Cir.2007) (internal quotation marks omitted). Not only did the BIA fail to take into account the cumulative effect of petitioners' experiences, but the BIA also erred in its analysis of the individual acts of harm, notably Huang's detention.

■ With respect to Huang's detention, the BIA found that because Huang was not arrested for his failure to undergo sterilization, the detention was not "on account of" a protected ground. However, this conclusion ignored Ying's statement—which the BIA presumed to be credible—that Huang was arrested for avoiding sterilization. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004). 9 Moreover, although the BIA cited the "other resistance" clause of 8 U.S.C. § 1101(a)(42), it failed to consider whether the arrest, or any of the subsequent harm experienced

by Ying or Huang, occurred on account of their "resistance" to the planned birth policy. Huang's deliberate efforts to deceive authorities by insisting during his interrogation that he had only one child constituted "attempts to interfere with enforcement of government policy," and therefore acts of "resistance." *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2d Cir.2007) (internal quotation marks omitted). Accordingly, the subsequent harm they experienced—*i.e.*, the prolonged detention, being hit while in detention, the large fine, and Ying's forced IUD insertion—may have occurred on account of a protected ground.

The BIA further erred with respect to Huang's detention by failing to consider its length—which, at 50 days, was not brief—as well as the two incidents when Huang was struck by police, *see Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir.2006) (cautioning the BIA to be "keenly sensitive" to the fact that a "minor beating, or for that 9 matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground") (internal quotation marks omitted). In light of this error and, more importantly, because the BIA failed to consider the cumulative impact of the detention along with the other alleged harm, *see Manzur*, 494 F.3d at 289–91, remand is appropriate.

Because Ying and Huang's withholding of removal and CAT claims were premised on the same factual predicate underlying the asylum claim, we also remand those claims to the BIA for further consideration. *Cf. Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.